**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                         **PLAINTIFF**

**VS.**                           **NO.  4:05CR00030**

**MELISSA ORSINI**                                  **DEFENDANT**

**<u>ORDER</u>**

Pending are the motions of Richard Newland, Lloyd Cobb and Kathy McPeak to quash subpoena duces tecum. (Docket #'s 76 and 78).  The subpoenas, served on or about April 19, 2006 request certain records and documents relating to MDH Builders, Inc.  Movants argue that the subpoenas should be quashed and a protective order should be issued because they are not parties to this case and the request is overbroad and unduly burdensome, the request is not reasonably calculated to lead to the discovery of relevant or admissible evidence and the Defendant failed as a matter of law to demonstrate with sufficient specificity what the requested documents contain that would be evidentiary in nature.

Federal Rule of Criminal Procedure 17(c) provides that a subpoena may order a witness to produce any books, papers, documents, data or other objects the subpoena designates.  The Court may quash or modify the subpoena if compliance would be unreasonable or oppressive, "but not otherwise." *United States v. Nixon*, 418 U.S. 683, 698 (1974)("*Nixon*").  "In order to gain access to said materials, the moving party must show that the subpoenaed document (1) is relevant, (2) is admissible, and (3) has been requested with adequate specificity." *United States v. Hardy,* 224 F. 3d 752, 755 (8th Cir. 2000), citing, *United States v. Nixon*, 418 U.S. 683, 700 (1974).

"In order to require production prior to trial, the moving party must show: (1) that the

documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 698-700.

The defendant asserts that the requested documents are directly necessary to the adequate presentation of her defense at trial. The documents requested are business documents relating to a corporation that has alleged that the defendant stole money from it. The defendant acknowledges that the documents might serve impeachment purposes, but also argues that the documents are evidentiary in that the documents will help demonstrate that many of the allegedly unauthorized payments to the defendant were in fact authorized. Further, the defendant asserts that the documents will demonstrate that Mr. Hill and MDH made similar payments to other employees both through checks paid directly to employees and disbursements made through construction jobs.

The Court finds that the defendant has demonstrated that the subpoenaed documents are relevant, potentially admissible, and have been requested with adequate specificity. Accordingly, the motions to quash, docket #'s 76 and 78 are denied. The protective order entered March 23, 2006 will apply to certain documents produced pursuant to these subpoenas.

IT IS SO ORDERED this 10th day of May, 2006

_____
James M. Moody
United States District Judge